[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-11264

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00195 CR-2-IPJ-JGD

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MALCOM E. MCVAY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

**(September 19, 2008)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal in this case. In our first decision, *United States v. McVay*, 447 F.3d 1348 (11th Cir. 2006), we vacated McVay's 60-month probationary sentence and remanded the case for resentencing. ("*McVay I*"). On remand, the district court again imposed a 60-month probationary sentence, and the government appealed.

It is important to recognize that the government is not challenging in this appeal the district court's advisory guideline calculation (as was done in *McVay I*), or its imposition of a U.S.S.G. § 5K1.1 departure. In fact, the government concedes that the district court fully complied with the law in this circuit in both regards. The government's challenge in this case is limited to the reasonableness of the sentence the district court imposed. In light of the factors enumerated in 18 U.S.C. § 3553(a), including the seriousness of the offense, the need to promote respect for the law, and the need for just punishment, a non-custodial sentence for a key participant in a corporate fraud that exceeded a loss of a billion dollars and left victims too numerous to be counted is, argued by the government, unreasonable. We agree.

After considering what the Supreme Court said in *Gall v. United States*, 128 S. Ct. 586 (2007), and after reviewing what the district court did on resentencing in this case, we conclude that the district court abused its discretion when it

wholly failed to consider, among other things, the seriousness and full implications of McVay's criminal conduct.

A sentence of probation for a high-ranking officer in a corporation where over a billion dollars of fraud was perpetrated on an unsuspecting work force and investing public is not reasonable, given the criteria found in § 3553(a) for determining an appropriate sentence. Probation does not account for the seriousness of McVay's conduct. It does not punish him sufficiently. It does not deter the defendant's future misconduct. It does not deter other similarly situated individuals from engaging in criminal conduct. It does nothing to encourage respect for the court system in this country. Post-*Gall*, a district court need not justify an extraordinary departure with extraordinary reasons, but it must still provide a compelling justification for the sentence it selects. In our view, that was not done in this case. We once again vacate McVay's sentence and remand this case for resentencing.

**VACATED and REMANDED.**